NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUANQUITA LEMACHE SISLEMA,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>LUIS SOTO, *et al.*,<br><br>　　　　Respondents. | No. 25cv18710 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

　　This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by Angel A. Lemache Tenemaza ("Tenemaza") as a "next friend" for Petitioner Juanquita Lemache Sislema, an immigration detainee confined in the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). D.E. 1 ("Petition" or "Pet.") ¶ 1. Tenemaza also submitted, on behalf of Petitioner, an application to proceed *in forma pauperis* under 28 U.S.C. §1915(a); however, it appears that Tenemaza may have provided information on his own income rather than that of Petitioner. D.E. 1-1 ("IFP Application" or "IFP App.") The Court will **DENY** the IFP Application *without prejudice*. Petitioner may cure the IFP deficiency by paying the $5 filing fee pursuant to 28 U.S.C. § 1914(b) or by submitting an IFP Application with Petitioner's financial information.

　　In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Court will **DISMISS** the Petition *without prejudice*.

I.  **BACKGROUND**

On December 17, 2025, Tenemaza submitted the Petition, signed "[A]ngel A. Lemache Tenemaza on behalf of petitioner Juanquita Lemache Sislema A#220 955 909 as Next of Friend." *Id.* at 10.

Tenemaza raises three grounds for relief on Petitioner's behalf:  (1) Petitioner's detention violates his Fifth Amendment right to substantive and procedural due process; (2) Petitioner's continued detention violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Fifth Amendment Due Process Clause; and (3) if Petitioner prevails, he requests costs and attorney's fees, if any, under the Equal Access to Justice Act, 28 U.S.C. § 2412.  *Id.* at 8-9.  In addition to seeking release or a bond hearing with a reasonably low bond and reasonable conditions of supervised release, Tenemaza requests that the Court enjoin Respondents from transferring Petitioner outside this Court's jurisdiction during the pendency of these proceedings.  *Id.* at 9.

In support of the Petition, Tenemaza alleges that Petitioner is a national and citizen of Ecuador who entered the United States without inspection around 2003. *Id.* ¶ 9.  He was detained by Immigration and Customs Enforcement ("ICE") on his way to work in Flushing, New York on December 12, 2025.  *Id.* ¶ 10.  According to the ICE Inmate Locator System, Petitioner was moved to Delaney Hall in Newark, New Jersey.  *Id.* ¶ 11.  He has not been allowed a phone call to counsel or any means, such as law library access or a form, to file a *pro se* petition.  *Id.* ¶ 12.  Petitioner was denied the opportunity to seek release, and he did not receive notice and opportunity to be heard on whether his change of custody was warranted.  *Id.* ¶¶ 13-14.

Tenemaza also submitted a declaration in support of his request to serve as next friend to Petitioner.  Pet., Ex. A.  Tenemaza states that Petitioner is his father, and he is acting in Petitioner's best interests in bringing this Petition.  *Id.* ¶ 1.  As evidence of the relationship, Tenemaza

submitted a copy of his birth certificate with translation, proof of his own identification, and Petitioner's identification. *Id.*, Ex. A.

## II.     JURISDICTION

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3) to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

## III.    DISCUSSION

Tenemaza seeks to file the Petition on Petitioner's behalf.  Pursuant to 28 U.S.C. § 2242, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." *See also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury or by a person authorized to sign it under § 2242). "[N]ext friend" standing . . . has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

To qualify for next friend status, the third person must satisfy two requirements.  "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation modified).  "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

Tenemaza has established the first eligibility requirement to serve as next friend by alleging sufficient facts of Petitioner's inaccessibility to appear and prosecute this action himself—namely, that Petitioner does not have access to counsel or a law library, or even the resources to prepare a *pro se* habeas petition. Tenemaza has also established a significant relationship with Petitioner—his father—which establishes that Tenemaza, in seeking his father's release from allegedly unlawful detention, is acting on behalf of Petitioner's best interests.

Nevertheless, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Therefore, the Court will administratively terminate this matter, subject to reopening if Tenemaza obtains counsel or Petitioner files a *pro se* habeas petition. *See e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for Petitioner to cure defects in next friend application).

IV.     **CONCLUSION**

For the foregoing reasons, the Court will **DENY** the IFP Application *without prejudice*; and **ADMINISTRATIVELY TERMINATE** this matter *without prejudice* and subject to reopening. An appropriate order follows.

Dated: January 13, 2026

                                                          Evelyn Padin, U.S.D.J.